NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHRISTOPHER PATRICK DAMEREL,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-17051-BRM

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is Christopher Patrick Damerel's ("Plaintiff" or "Damerel") appeal from the final decision of the Commissioner of Social Security ("Commissioner")[1] denying his application for Social Security Disability Benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Civil Rule 78(b), for the reasons set forth below and for good cause shown, the Commissioner's final decision is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

---

[1] Upon the Appeals Council's Order denying Damerel's request for a review of the Administrative Law Judge's ("ALJ") decision, the ALJ's decision became the final decision of the Commissioner. (Tr. 1.)

**I.    BACKGROUND**

On October 3, 2014, Damerel filed for Social Security Disability Income ("SSDI") and Supplemental Security Income ("SSI") benefits alleging disability since September 7, 2014 (the "Onset Date"). (Tr. 230-40.) Damerel alleged disability due to: pulmonary embolism, obesity, depression, anxiety, high blood pressure, sleep apnea, diabetes, and high cholesterol. (Tr. 126.) On January 20, 2015, the Social Security Administration ("SSA") issued a Notice of Disapproved Claim to Damerel, informing him his claim for SSDI benefits had been denied. (Tr. 100-11.) On August 18, 2015, the SSA denied Damerel's Request for Reconsideration of the SSA's denial of his claim for SSDI benefits. (Tr. 126-40.) After timely requesting a hearing for SSDI benefits before an Administrative Law Judge, Damerel was heard on August 3, 2017 before Administrative Law Judge Ryan Hoback (the "ALJ"). (Tr. 42-99.)

On January 5, 2018, the ALJ issued a decision (the "ALJ Decision") determining Damerel was not disabled, as defined by the Social Security Act, at any time from the Onset Date through January 5, 2018 (the "Decision Date"). (Tr. 12-41.) Specifically, the ALJ found Damerel had several severe impairments—obesity, depression/Bipolar, anxiety/panic disorder, Post-Traumatic Stress Disorder (PTSD), deep venous thrombosis, and pulmonary embolism, asthma, diabetes mellitus with neuropathy, lumbar degenerative disc disease, and bilateral knee osteoarthritis—but that his severe impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 22.) The ALJ further concluded Damerel had the residual function capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a). (Tr. 26.)

Ultimately, the ALJ concluded that, considering Damerel's age, experience, and RFC, there were "jobs that exist in significant numbers in the national economy that [Damerel] can

perform." (Tr. 31.)

On April 5, 2018, Damerel filed a Request for Review of the ALJ Decision to the Appeals Council. (Tr. 380-82.) On October 12, 2018, the Appeals Counsel denied Damerel's Request for Review, thereby becoming the final agency decision. (Tr. 1-6.) Therefore, having exhausted his administrative remedies, Damerel appealed to this Court on December 10, 2018. (ECF No. 1.)

## II.  STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

**III.     THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416 .920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.* A claimant who does not have a severe

impairment is not considered disabled. *Id.* at § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § Pt. 404, Subpt. P., App. 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See id.* at §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis

5

of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*, 482 U.S. at 146-47 n.5). An administrative law judge bears the burden of proof for the fifth step. *See id.* at 263.

**IV.   DECISION**

Damerel contends the ALJ failed to properly weigh opinion evidence, did not pose proper hypothetical questions and the ultimate RFC assessment was not based on substantial evidence, and failed to properly evaluate Damerel's subjective complaints. (ECF No. 13 at 2.) Accordingly, Damerel requests a reversal of the ALJ Decision and a remand to the ALJ to remediate the alleged errors. (*Id.* at 36-37.) The Commissioner counters that Damerel did not meet the Act's definition of disability during the relevant period, the ALJ properly evaluated the pertinent evidence, the ALJ presented a hypothetical question to the vocational expert that mirrored the RFC findings, and the ALJ properly evaluated Damerel's subjective complaints in accordance with the regulations. (ECF No. 15 at 2.) This Court addresses each of Damerel's arguments in turn.

### A.   The ALJ's Evaluation of Opinion Evidence

Damerel contends the ALJ "failed to properly weigh the opinion evidence." (ECF No. 13 at 25.) Specifically, Damerel argues the ALJ erred in giving "little weight" to Dr. Obidigbo's opinion evidence and "partial weight" to Dr. Siddiqui's opinion evidence. (*Id.* at 26-30.)

#### 1.   Dr. Obidigbo's Opinion

The Court must first deal with an error the ALJ made in reading Dr. Obidigbo's report. Under the heading "other diagnosis" in the report, the ALJ mistakenly read the word "diabetes" as "headaches." (Tr. 29.) Nonetheless, the ALJ indicated Dr. Obidigbo's opinions were given little weight based on Damerel's "reported headaches, and other impairments." (Tr. 29.) However, this mistake alone does not warrant reversal. *See Sanborn v. Colvin*, No. 13-224, 2014 WL 3900878, at *18 (E.D. Pa. Aug. 11, 2014) ("[P]laintiff has not articulated, much less established, any harm from the alleged inconsistency. Plaintiff bears the burden of showing that the error was harmful.") Indeed, the ALJ's evaluation of Dr. Obidigbo's report goes beyond his mistaken reading of the

7

word "diabetes." Further, while Damerel does point out this mistake, he does not contend this mistake alone warrants remand of the ALJ's decision. (*See generally* ECF No. 13 at 26-30.) Therefore, the Court must determine whether, despite this mistake, the ALJ properly gave "little weight" to Dr. Obidigbo's opinion.

Damerel first contends the ALJ erred by giving improper weight to Dr. Obidigbo's opinion because she was a podiatrist, and "not a physician." (ECF No. 13 at 26 (citing Tr. 29).) The regulations state a licensed podiatrist may be an acceptable medical source "for purposes of establishing impairments of the foot, or foot and ankle only." 20 C.F.R. § 404.1513(a)(4). Therefore, the ALJ did not err when he said Dr. Obidigbo's "is only considered to be an 'acceptable medical source' with regard to impairments affecting the feet and ankles." (Tr. 29.) Notwithstanding, Damerel argues the ALJ erred in assigning little weight to Dr. Obidigbo's opinion even though the ALJ found the "assessment [was] generally consistent with the record as a whole." (ECF No. 13 at 28 (citing Tr. 29).)

In giving little weight to Dr. Obidigbo's opinion, the ALJ found that "while [the opinion] is generally consistent with the record as a whole, the records note that [Damerel] was a questionable malingerer, which undermines [Dr. Obidigbo's] opinion." (Tr. 29.)

This Circuit has made clear "the medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence." *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988). As the ALJ acknowledged, Dr. Obidigbo's report was "generally consistent" with the record. (Tr. 29.) Specifically, the ALJ noted Dr. Obidigbo's report found Damerel "ha[d] limited range of motion of both lower extremities, and tenderness and swelling at the site of the anterior left leg wound . . . joint instability of both knees, and sensory loss in both feet." (*Id.*) Despite this, Commissioner contends it was "still reasonable to conclude that Dr. Obidigbo's

8

indication that she questioned whether [Damerel] was a malingerer undermined her opinion." (ECF No. 15 at 14.) It is not.

While the ALJ could properly consider Dr. Obidigbo's note that Damerel was a "questionable malingerer," he still must base his conclusion to give "little weight" to Dr. Obidigbo's opinion on a finding of contradictory evidence. Here, the ALJ has failed to supply sufficient contradictory medical evidence.

The only contradictory medical evidence the ALJ seems to cite is the healing of Damerel's left leg wound. In his report, the ALJ cites to Dr. Obidigbo's notes which state Damerel had suffered a left leg would on November 2, 2015. (Tr. 29.) On November 23, 2015, Dr. Obidigbo's notes indicate the left leg wound was healing well and with no drainage or erythema. (*Id.*) The ALJ contended that, based on this healing, he was entitled to give "little weight" to Dr. Obidigbo's opinion. However, this alone does not justify rejecting Dr. Obidigbo's opinion. This Circuit recognizes a difference between a doctor's notes and opinions for the purposes of treatment and that doctor's ultimate opinion on a claimant's ability to work. *See Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000). As such, Dr. Obidigbo's notes regarding Damerel's injury do not supplant her ultimate determination absent contradictory medical evidence. As the ALJ concedes, Dr. Obidigbo's opinions were consistent with the record. (Tr. 29.)

Even assuming Damerel's healed left leg injury is contradictory to Dr. Obidigbo's opinion, the ALJ failed to explain why he did not give weight to Dr. Obidigbo's observations of Damerel's other ailments. The ALJ's statement that Dr. Obidigbo's opinion was "undermined" by her labelling Damerel as a questionable malingerer—especially when Dr. Obidigbo's opinion was consistent with medical evidence—is insufficient to justify assigning little weight to Dr. Obidigbo's opinion.

Therefore, because of the lack of contradictory medical evidence and insufficient explanations, the ALJ's assignment of little weight to Dr. Obidigbo's opinions is not supported by substantial evidence. As such, remand is appropriate to remediate this error. *See Jones*, 954 F.2d at 128-29 (holding that, "in the absence of contradictory medical evidence, an ALJ . . . must accept the medical judgment of a treating physician"); *see also Fairhurst v. Berryhill*, No. 16-9423, 2018 U.S. Dist. LEXIS 171859, at *57-58 (D.N.J. Oct. 3, 2018) (remanding the ALJ's opinion where "the Court [could not] meaningfully review the ALJ's evaluation of [the] opinions absent citation to specific contradictory medical evidence and explanation about how such conflict were resolved")

### 2. Dr. Siddiqui's Opinion

Damerel contends the ALJ did not properly analyze Dr. Siddiqui's opinion in assigning it "partial weight." (ECF No. 13 at 30.) Specifically, Damerel argues the ALJ failed to specify which aspects of Dr. Siddiqui's opinion were not credible and why. (*Id.*)

The ALJ explained that he gave "partial weight" to the opinion of Dr. Siddiqui because it was partially consistent with the record as a whole. (Tr. 30.) In so doing, the ALJ cited to a record of psychiatric treatment from April 2015 to August 2017, which found Damerel having mild cognitive impairment. (Tr. 23-25.) Additionally, the ALJ cited to the reports of state agency psychological experts and a consultative psychologist, who all found that—while he had difficulty performing complex tasks and had moderate concentration difficulties—Damerel could nonetheless understand an follow simple directions and perform simple tasks. (Tr. 28-29.) Therefore, the ALJ clearly considered and properly evaluated the opinion of Dr. Siddiqui and had substantial evidence to afford Dr. Siddiqui partial weight. *Williams*, 970 F.2d at 1185.

**B.     The ALJ's Hypothetical Questions and Evaluation of Damerel's Subjective Complaints**

Because this Court has found a basis for remand in this case, it need not address Damerel's arguments concerning the ALJ's alleged improper hypothetical questions and evaluation of his subjective complaints. *Carrasquillo v. Comm'r of Soc. Sec.*, No. 08-1883, 2009 U.S. Dist. LEXIS 120702, at *19 (D.N.J. Dec. 28, 2009). To the extent that any other errors may have occurred, such may be remedied on remand. *Id.*

**V.     CONCLUSION**

For the reasons set forth above, the Commissioner's decision is **VACATED,** and the matter is **REMANDED** for further proceedings consistent with this opinion**.**

**Date: September 30, 2020**                          */s/ Brian R. Martinotti*
                                                                              **HON. BRIAN R. MARTINOTTI**
                                                                              **UNITED STATES DISTRICT JUDGE**